FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA     JUL -8 PM 3: 00
SOUTHERN DIVISION                U.S. DISTRICT COURT
                                 N.D. OF ALABAMA

RAYMOND COOK and JOYCE COOK,     )
                                 )
   Plaintiffs,                  )
                                 )
vs.                              )    CV 98-BU-1466-S
                                 )
INGERSOLL RAND COMPANY, INC.,    )    ENTERED
                                 )
   Defendant.                   )    JUL 0 8 1999

## MEMORANDUM OPINION

This case is presently pending before this Court on Motion for Summary Judgment, filed by Defendant Ingersoll Rand Company, Inc. (Doc. 28).

Plaintiffs, Raymond Cook and Joyce Cook, filed this case to recover damages arising from an accident involving a compressor manufactured by Defendant that seriously injured Mr. Cook. Defendant moved for a summary judgment on the grounds that the action was time barred, that the action was barred by an alteration or modification of the compressor, and that it was not liable due to Mr. Cook's contributory negligence.

After reviewing the record evidence and briefs submitted by the parties, this Court finds that the Motion for Summary Judgment is due to be granted.

I.    SUMMARY JUDGMENT STANDARD

Summary judgment provides the parties an opportunity to test the mettle of a case

36

before it ever reaches trial. On a motion for summary judgment, the court assesses all of the proof the parties bring to bear in order to ascertain whether there is a genuine need for a trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)(quoting Advisory Committee Note to 1963 Amendment to Fed. R. Civ. P. 56(e)). Summary judgment is appropriate only if the court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

A party seeking summary judgment has the initial responsibility of informing the court of the grounds for its motion and specifically identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The moving party's burden is not meager; it must illuminate for the court the reasons why the non-moving party cannot or does not raise a genuine issue of material fact sufficient to support a trial. *Clark*, 929 F.2d at 608. The moving party's burden was set forth in *Clark* as follows:

> The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. *Celotex* did not change the general rule. *Celotex* simply holds that under certain circumstances the movant may meet its Rule 56 burden without negating an

element of the non-moving party's claim and that under such circumstances it is sufficient to point to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden. Even after *Celotex* it is never enough to simply state that the non-moving party cannot meet its burden at trial.

*Id.* (citing *Celotex*, 477 U.S. at 323-25, 106 S. Ct. 2553-54).[1]

Once the moving party has satisfied this initial burden, however, the nonmoving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 523 (11th Cir. 1994). "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(e)); *see Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). However, "Rule 56 . . . does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Id.*; *see also Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."), *cert. denied*

---

[1] The Eleventh Circuit recognized that *Celotex* created "an exception to the *Adickes* [*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)] rule for [an] uncommon situation," i.e., "when neither party could prove either the affirmative or the negative of an essential element of the claim." *Clark*, 929 F.2d at 607, 608. In this "uncommon situation," the *Celotex* exception allows a moving party to carry its burden by showing or "pointing out," by reference to record, that the non-moving party cannot prove its claim. *Id.* at 607.

sub nom. Jones v. Resolution Trust Corp., 516 U.S. 817, 116 S. Ct. 74, 133 L. Ed. 2d 33 (1995).

In resolving whether a given factual dispute requires submission to a jury, the court must inspect the presented evidence through the looking glass of each party's substantive evidentiary burden. *Anderson*, 477 U.S. at 254-55, 106 S. Ct. at 513. The court, however, must not weigh conflicting evidence for probity or make credibility determinations. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather determine whether such issues exist to be tried. The court must avoid weighing conflicting evidence or making credibility determinations." *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir. 1993)(citations omitted). At the same time, "[t]he nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law; 'there must be a substantial conflict in evidence to support a jury question.'" *Tidwell v. Carter Products*, 135 F.3d 1422, 1425 (11th Cir. 1998) (quoting *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989)).

## STATEMENT OF FACTS

Raymond Cook was employed as a heavy equipment operator/service truck driver for Latex Construction Company on a natural gas pipeline job in North Carolina. On October 12, 1996, Mr. Cook was injured when his hand got caught in the fan of an air compressor, which was manufactured by Defendant Ingersoll Rand Company, Inc.

Latex Construction owned the compressor; however, it was not the original

purchaser of the compressor from Defendant. The compressor was purchased by Jimco Supply Company in 1987, which installed the compressor and a pneumatic hammer on a track hoe.

At the time of his injury, the compressor did not have a fan guard covering the fan blade. Defendant's standard procedure is to manufacture all compressors, such as the one involved here, with fan guards. The compressor is manufactured with a fan guard. Mr. Cook would not have been injured if the fan guard had been in place.

III. DISCUSSION

A. NORTH CAROLINA STATUTE OF REPOSE

Defendant contends that Plaintiffs' claims are barred by N.C. Gen Stat. § 1-50(6)m which provides, "No action for the recovery of damages for personal injury . . . based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of the initial purchase for use or consumption." Plaintiffs argue, however, that the North Carolina statute does not apply, citing *Ethridge v. Genie Industries, Inc.*, 632 So. 2d 1324, 1327 (Ala. 1994). Defendant responds that the *Ethridge* decision is wrong and contrary to decisions in all other jurisdictions addressing the specific issue of the application of the North Carolina statute of repose.

The uncontested facts show that the compressor was initially purchased in 1987; Mr. Cook was injured in 1996. Therefore, if the North Carolina statute applies in this case, Plaintiffs' claims are time barred.

In determining whether to apply the North carolina law in this case, this Court must

look to the choice of law rules of the Alabama courts. In *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941), the Supreme Court of the United States held that when a district court's jurisdiction is based on diversity of citzenship, the court is bound to follow the law of the state in which it is sitting on issues of conflict of law rules. The Court held:

> We are of opinion that the prohibition declared in *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, against such independent determinations by the federal courts extends to the field of conflict of laws. The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts. Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side. *See Erie Railroad v. Tompkins, supra,* 304 U.S. at 74--77, 58 S.Ct. at 820--822, 82 L.Ed. 1188, 114 A.L.R. 1487. Any other ruling would do violence to the principle of uniformity within a state upon which the Tompkins decision is based. Whatever lack of uniformity this may produce between federal courts in different states is attributable to our federal system, which leaves to a state, within the limits permitted by the Constitution, the right to pursue local policies diverging from those of its neighbors. It is not for the federal courts to thwart such local policies by enforcing an independent "general law" of conflict of laws. Subject only to review by [the Supreme Court] on any federal question that may arise, Delaware is free to determine whether a given matter is to be governed by the law of the forum or some other law. *Cf. Milwaukee County v. White Co.*, 296 U.S. 268, 272, 56 S.Ct. 229, 231, 80 L.Ed. 220. This Court's views are not the decisive factor in determining the applicable conflicts rule. *Cf. Funkhouser v. J. B. Preston Co.*, 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243. And the proper function of the Delaware federal court is ***to ascertain what the state law is, not what it ought to be.***

*Id.* at 496-97, 61 S. Ct. at 1021-22 (emphasis added).

In the *Ethridge* case, the Alabama Supreme Court held that N.C. Gen. Stat. § 1-50(6) was a procedural statute and did not apply in an action brought in an Alabama state court, alleging a products liability claim for personal injury that occurred in North Carolina.

Defendant contends that the Alabama decision is wrong. However, this Court may not determine what the Alabama court *should* have decided; it may only look to what it *did* decide. Alabama law, as declared by the Alabama Supreme Court in *Ethridge*, does not apply the North Carolina statute of respose and, applies Alabama law, which holds that an action for personal injury must be brought within two years of the date of the injury.

Therefore, because Alabama has decided as an issue of choice of law rules that the particular statute of repose does not apply, this Court must follow that decision.

B.  ALTERATION OR MODIFICATION OF THE COMPRESSOR

Defendant contends that it is entitled to summary judgment because Plaintiff's injury was caused by an alteration or modification of the compressor, after it left the manufacturer's possession. Under North Carolina law,[2]

> No manufacturer or seller of a product shall be held liable in any product liability action where a proximate cause of the personal injury . . . was either an alteration or modification of the product by a party other than the manufacturer or seller, which alteration or modification occurred after the product left the control of such manufacturer or such seller . . . ."

N.C. Gen. Stat. § 99B-3.

The record contains evidence that the absence of a fan guard was a proximate cause of Plaintiff's injuries. Defendant offered evidence that the compressor was designed and manufactured with a fan guard. Plaintiffs contend that a reasonable jury could infer that this compressor was not manufactured with a fan guard because the fan guard was not on the compressor at the time of the accident. This Court disagrees.

---

[2] The parties do not dispute that North Carolina law applies to this issue.

Under the well-established summary judgment procedures, a moving party must establish that there are no disputed issues of fact and that it is entitled to judgment as a matter of law. North Carolina law is clear; Plaintiffs may not recover if a proximate cause of Mr. Cook's injury was the lack of a fan guard and the guard was removed after it left the seller or the manufacturer. Defendant has established that the proximate cause of Mr. Cook's injury was the lack of a guard over the fan and that the compressor is manufactured with such a guard.

Plaintiffs contend that, viewing the evidence in the light most favorable to the non-moving parties, a reasonable jury could conclude that the compressor left the manufacturer without a fan guard because the compressor did not have a fan guard at the time of the accident. Under North Carolina law, Plaintiff must show that he or she was not injured as a result of the alteration or modification of the product after it left the manufacturer. N.C. Gen. Stat. § 99B-3. Therefore, Plaintiffs have the burden at trial of proving that Mr. Cook was injured as a result of a defect in the compressor that was not the result of alteration or modification after the compressor was sold and left the possession of Ingersoll-Rand. Plaintiffs attempt to satisfy this burden by pointing to the fact that Ingersoll-Rand's corporate representative, Don Holston, did not see the compressor when it left the manufacturer and could not name the person that did.

Mr. Holston testified as follows:

> Q. When you stated in your interrogatory answers that this compressor left Ingersoll-Rand's Mocksville plant with a fan guard on it what do you base that on?
>
> A. The fact that the guard itself is a standard part of that -- that

  machine so that when the parts are delivered to production to assemble the machine it would be a standard part of that -- that assembly.

  Q. Okay. But you don't have a record or a person who says, here, I saw it on there?

  A. No, sir.

  Q. Okay. You're basing that on standard manufacturing procedures?

  A. Yes, sir.

Holston Depo., pp. 33-34. Plaintiffs contend that a reasonable jury could infer that the fan guard was not on the compressor when it left the manufacturer. However, they have presented no evidence to dispute Mr. Holston's testimony that each compressor is manufactured with a fan guard. Moreover, the Court notes that the subject compressor was sold approximately nine years prior to Mr. Cook's injury and it had at least one other owner. The record contains no evidence as to the fate of the fan guard. The only evidence contained in the record is that the compressor is manufactured with a fan guard, but, at the time of the accident, the compressor did not have a fan guard.

  A jury may infer that the compressor left the manufacturer with a fan guard based upon Mr. Holston's testimony that all compressors are manufactured with such safety devices. *See* Fed. R. Evid. 406 ("Evidence of the habit of a person or of the routine of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.") However, a reasonable jury may not infer that the compressor at issue in this case left the manufacturer without such a device

merely because nine years later the compressor did not have a fan guard, despite a lack of eyewitness testimony.

The Eleventh Circuit Court of Appeals has held:

> The standard for determining whether an inference is allowable is generally whether it is a reasonable one, that is, whether it is one that "reasonable and fair-minded men in the exercise of impartial judgment" might draw from the evidence. An inference is not unreasonable simply because it is based in part on conjecture, for an inference by definition is at least partially conjectural. Yet a jury will not be allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility. Such an inference is infirm because it is not based on the evidence. Unavoidably, in deciding how much the jury can speculate, the line of demarcation which we are required to walk is ephemeral.

*Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982)(internal citations and quotations omitted).

Although the line between a reasonable inference and an unreasonable inference is vague, this Court finds that Plaintiffs' proffered inference, that the compressor left the manufacturer without a fan guard because nine years later the fan guard was not on the compressor, is not based on the evidence in the case and represents only a mere possibility that the fan guard was missing at the time it left the manufacturer. Defendant has presented undisputed evidence that the routine of the manufacturer was to include a fan guard on each compressor it sold and that the fan guard was not on the compressor at the time of Mr. Cook's accident. It is uncontroverted that the proximate cause of the injury was the absence of the fan guard. This is sufficient to establish that Defendant is entitled to summary judgment in its favor based on N.C. Gen. Stat. § 99B-3(a). Plaintiffs have failed to submit sufficient evidence to dispute these facts. Therefore, Defendant's

Motion for Summary Judgment is due to be granted.

### C. CONTRIBUTORY NEGLIGENCE

A discussion of the third basis for Defendant's Motion for Summary Judgment -- Mr. Cook's alleged contributory negligence -- need not be addressed due to the grant of said Motion on other grounds.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that there are no disputed issues of material fact and Summary Judgment in favor of Defendant is due to be granted as a matter of law. The Court will enter an Order contemporaneously herewith in accordance with this Memorandum Opinion.

DONE this ___8th___ day of July, 1999.

_____
H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE